IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. FERRIS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-1024-JDT-egb |
| ) | |
| DERRICK D. SCHOFIELD, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ON PENDING MOTIONS

The *pro se* prisoner Plaintiff, William J. Ferris, Sr., filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On July 24, 2014, the Court dismissed portions of the complaint and directed that Defendants Gary Dozier and Jeff J. Tarver be served. (ECF No. 9.) Process was issued for both Defendants and was returned executed by the U.S. Marshal. (ECF Nos. 11 & 13.) When no answers were timely filed, Plaintiff sought and obtained the Clerk's entry of default. (ECF Nos. 15 through 21.) Plaintiff then filed motions for default judgment on September 24, 2014 (ECF No. 25) and September 25, 2014 (ECF No. 28).[1]

---

[1] On September 23, 2014, the Court denied Tarver's motion for an extension of time to file an answer, noting that he could move to set aside the entry of default. (ECF Nos. 22 & 23.)

On October 6, 2014, a motion was filed to set aside the entry of default against the Defendants. (ECF No. 32.) Plaintiff responded by filing a motion to strike the motion to set aside entry of default (ECF No. 35) and a motion for sanctions (ECF No. 38). In the motion to strike, Plaintiff contends that counsel failed to comply with Federal Rules of Civil Procedure 5 and 11 by not filing a separate, formal notice of appearance. However, Rule 5 governs *how* filed documents should be served, not *whether* any particular document must be filed in a specific case. Similarly, Rule 11 requires only that all documents filed in a case must be signed either by an attorney of record or by a party if the party is unrepresented. It does not actually require the filing of any particular document. Except in criminal cases, *see* L.R. 83.4(e), a formal notice of appearance is not required, although many attorneys do file such notices. When a formal notice of appearance is not filed, the first document filed by an attorney on behalf of a party serves as the notice of appearance. Plaintiff's motion to strike is DENIED.

Plaintiff also argues that the Court should impose a monetary sanction on Defendant Tarver for failing to respond to the request for entry of default and for failing to comply with the Court's scheduling order. However, the motion for sanctions is also DENIED. The conduct of the Defendant, while perhaps somewhat dilatory, was not so egregious that sanctions are appropriate.

Pursuant to Rule 55(c), the Court "may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." This creates a distinction between the appropriate standard for setting aside the Clerk's entry of

default, and the standard for setting aside a default judgment. *See INVST Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987). Thus, entry of default may be set aside for "good cause shown," but a default judgment may be set aside only if the stricter Rule 60(b) standards for setting aside a final, appealable order are met. As the Court had not granted Plaintiff's motion for a final default judgment in this case, the lesser standard is applicable here.

In determining whether the party seeking to set aside entry of default has shown good cause, the Court should consider factors such as: (1) whether the entry of default was the result of the defendant's culpable conduct; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. *See Thompson v. American Assurance Co.*, 95 F.3d 429, 432 (6th Cir. 1996).

Contrary to Plaintiff's suggestion, there is no evidence that Defendant Tarver's default was the result of willful or culpable conduct, as opposed to inadvertence or excusable neglect. Plaintiff also has offered no credible assertion of prejudice. In addition, an answer on behalf of Tarver (ECF No. 33) was filed along with with the motion to set aside entry of default. That answer is sufficient to establish a possibility that the outcome after a trial would be contrary to the result achieved by a default. *See INVST Fin. Group*, 815 F.2d at 398-99. Therefore, the Court finds that the entry of default against Tarver should be set aside.

With regard to Defendant Dozier, there is some confusion as to whether he has been properly served with process. In the motion to set aside entry of default, counsel refers to

the return receipt card, which was signed by someone other than Dozier, to support the assertion that he was not personally served. (ECF No. 32 at 1-2; *see also* ECF No. 13 at 2.) However, Dozier himself appears to have signed the Marshal's Form-299, acknowledging that he received the summons and complaint on August 1, 2014. (ECF No. 13 at 1.) Without any evidence that it is not actually Dozier's signature on that document, the Court must conclude that he was properly served. Nevertheless, due to the confusion regarding service of process, the Court finds that the entry of default against Dozier also should be set aside.

Defendants' motion to set aside entry of default is GRANTED and Plaintiff's motions for default judgment are DENIED. Defendant Dozier shall file an answer or other response to the complaint within twenty-eight (28) days after the date of this order.

Plaintiff's motion for personal service (ECF No. 38) is DENIED as moot. Plaintiff's motion to modify the scheduling order (ECF No. 40) is GRANTED. A new scheduling order will be entered separately.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE