IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. FERRIS, SR., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-1024-JDT-cgc |
| ) | |
| DERRICK D. SCHOFIELD, ET AL., ) | |
| ) | |
|    Defendants. ) | |

ORDER DENYING DEFENDANTS' MOTION TO STRIKE,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The *pro se* prisoner Plaintiff, William J. Ferris, Sr., a Tennessee Department of Correction inmate who is currently confined at the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The complaint concerns events that occurred during Plaintiff's previous incarceration at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee.

On July 24, 2014, the Court issued an order dismissing portions of the complaint and directing that process be issued and served on the remaining Defendants, Inmate Relations Coordinator Gary Dozier and Unit Manager Jeff J. Tarver. (ECF No. 9.) The Defendants

subsequently filed a motion for summary judgment. (ECF No. 71.) The Court granted Plaintiff two extensions of time to respond, and the Clerk received and docketed Plaintiff's response to the Defendants' motion on January 9, 2017. The response is made up of several documents, including a memorandum (ECF No. 79); a Response to Defendants' Statement of Material Facts (ECF No. 81); a separate Statement of Disputed Factual Issues with regard to each Defendant (ECF Nos. 82 & 83); and Plaintiff's Declaration plus several other exhibits (ECF No. 84). However, on January 17, 2017, Plaintiff filed a second Response to Defendants' Statement of Material Facts. (ECF No. 85.) In a cover letter accompanying that document, Plaintiff advised the Clerk that he inadvertently included the wrong version of the document with his previous filing and asked that the incorrect document be replaced with the correct version. (ECF No. 85-8.)

On January 23, 2017, Defendants filed a motion to strike all of the documents received from Plaintiff on January 9, 2017 and January 17, 2017 as untimely because, in accordance with the last extension of time granted by the Court, his documents were due on or before December 31, 2016. (*See* ECF No. 78.) With regard to the responses docketed on January 9, 2017, the motion to strike is not well taken. Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), Plaintiff's documents are deemed filed when they are placed in the prison mail system. The documents docketed January 9, 2017, were executed by Plaintiff on December 28, 2016. Plaintiff asserts in a Declaration attached to his response to the motion to strike that the documents were placed in the prison mail system on

2

December 31, 2016. (ECF No. 88-1 at 5.) Thus, Plaintiff's initial response to Defendants' motion for summary judgment was timely filed.

The filing in which Plaintiff sought to replace his original Response to Defendants' Statement of Material Facts with the correct version of that document was not timely, however. While the document itself may have been executed on December 28, 2016, it clearly was not placed in the prison mail system on December 31st with the other timely-filed documents, as the certificate of service on Plaintiff's cover letter is dated January 12, 2017. (ECF No. 85-8 at 3.) Nevertheless, as Plaintiff is not seeking to file an *additional* Response to Defendants' Statement of Material Facts but is seeking merely to replace the wrong document with the correct version, the Court will not strike the later filing as untimely. The Court will consider *only* the later version of the document — not both versions.

The Court's order of partial dismissal disposed of all the claims raised in the complaint except those against Defendants Dozier and Tarver for denial of Plaintiff's First Amendment right of access to the courts. Plaintiff alleges that he anticipated filing both a federal habeas petition pursuant to 28 U.S.C. § 2254 and a civil action against the deputy warden for wrongful termination of Plaintiff's prison job. He states that for ten years he had been allowed to keep a large amount of legal materials in his cell. However, on February 6, 2013, Defendant Dozier, on Defendant Tarver's orders, suddenly "confiscated" all of Plaintiff's legal materials from his cell for storage in another location within the facility that Plaintiff could not access on his own. The stated reason for taking the materials was that Plaintiff was in violation of TDOC Policy 504.01 § VI.B and NWCX Policy 504.01-1

§ VI.D, which provided that inmates may keep only a specified amount of personal property and legal materials in their cells. NWCX Policy 504.01-1 further provided, "the inmate will be allowed reasonable access to any stored legal material by contacting the Unit Manager who will schedule a time for the inmate to gain access." (Compl. ¶¶ 87-89, ECF No. 1 at 21-22 & Ex. 1, ECF No. 2.)

Plaintiff further alleges that despite his repeated, sometimes daily, requests to Defendant Tarver to be allowed access to his legal materials, he was refused and/or ignored. After the Tennessee Supreme Court denied permission to appeal his post-conviction petition, *see Ferris v. State of Tennessee*, No. WTenn. 1-00746-CCA-R3-PC, 2012 WL 5456096 (Tenn. Crim. App Nov. 7, 2012), *perm. app. denied*, (Tenn. Mar. 5, 2013), Plaintiff alleges he had less than a month left to file a timely federal habeas petition. The lack of access to his legal materials allegedly caused him to be unable to do so. Plaintiff also alleges, without much elaboration, that he was unable to file the planned civil action challenging his wrongful termination from his prison job.

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

4

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In *Celotex Corp.*, the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

5

> to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The claim that Plaintiff was denied reasonable access to his legal materials implicates the First Amendment right "to petition the Government for a redress of grievances," U.S. Const., amend. I, which is made applicable to the states by the Fourteenth Amendment. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Bounds v. Smith*, 430 U.S. 817, 822 (1977). However, even if the Defendants refused to allow Plaintiff reasonable access to his legal materials, the Court concludes that he has still failed to establish a First Amendment access to courts claim.

The Supreme Court has held that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Thaddeus-X*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (inmates' First Amendment right of access to the courts "extends to direct appeal, habeas corpus applications, and civil rights claims only").

In order to establish a First Amendment claim that he was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. at 351-53); *see also Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) (explaining how *Lewis* altered the "actual injury" requirement previously applied by the Sixth Circuit). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Furthermore, "[b]efore filing an 'access to courts' claim, a plaintiff must make some attempt to gain access to the courts; otherwise, how is th[e] court to assess whether such access was in fact 'effective' and 'meaningful'?" *Swekel v. City of River Rouge*, 119 F.3 1259, 1264 (6th Cir. 1997) (quoting *Bounds*, 430 U.S. at 822). "A plaintiff cannot merely guess that a . . . remedy

will be ineffective because of a defendant's actions. Rather the plaintiff must present evidence that the defendants' actions actually rendered any available . . . remedy ineffective." *Id.*

Notwithstanding Plaintiff's lengthy responses to the motion for summary judgment and the numerous exhibits he has submitted, he has never asserted and has submitted no evidence that he actually attempted to file a federal habeas petition that was then dismissed as untimely. The statute of limitations under 28 U.S.C. § 2254 is subject to equitable tolling under appropriate circumstances, *Holland v. Florida*, 560 U.S. 631, 645-49 (2010), but Plaintiff never gave the federal courts an opportunity to address that issue.

Plaintiff also does not assert or offer any evidence that he attempted to file a civil action challenging his alleged wrongful termination from his prison job. He states in his Declaration that the contemplated federal court action would have contended that the deputy warden terminated his job as a law clerk in the prison library in retaliation for grievances he filed against her. (Pl.'s Decl. ¶ 10, ECF No. 84 at 3-4). However, there is no evidence in the record concerning the specific details of Plaintiff's grievances against the deputy warden or when the statute of limitations on the claim would have run. The Court cannot presume that Plaintiff's lack of access to his legal materials rendered him unable to file even a "bare bones" civil action for retaliation. *See* Fed. R. Civ. P. 8(a) (complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

For these reasons, the Court concludes there is no genuine issue of material fact for trial in this case and that the Defendants are entitled to judgment as a matter of law. Therefore, the motion for summary judgment is GRANTED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma*

*pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE